## ALBERT E. COLLETT, ET UX.
### vs.
## ERICK SODERLAND

Superior Court      New Haven County      File #42835

Present: Hon. EDWIN C. DICKENSON, Judge.

Pond, Morgan & Morse,        Attorneys for the Plaintiff.

L. Feinmark,        Attorney for the Defendant.

### MEMORANDUM FILED NOVEMBER 4, 1935.

DICKENSON, J. The complaint sets up that the plaintiffs are owners of the premises at No. 60 Orange Terrace, West Haven, known as lots Nos. 19, 20 and 21, on a map of Orange Terrace Home Sites, on file in the town clerk's office and that the defendant is owner of lots Nos. 22 and 23 adjoining; that the defendant unlawfully built a garage and constructed a driveway thereto on plaintiff's lot No. 1. The relief asked is that "the defendant be requested to remove said garage and driveway," possession of the premises and damage for trespass. The answer is in effect denial of trespass and right to possession.

At the time the plaintiffs acquired title the garage had been built and they believed as did the defendant that it was upon his land. Their opposite boundary was fixed by a

stonewall and street at the end of the tract.

As the defendant argues in his brief it appears that Schroder, the owner of the tract, had but 180 feet of frontage left when he sold to the defendant although his recorded map showed five 40 foot lots or 200 feet. He sold the defendant two lots which were staked out on an eighty foot frontage. The defendant occupied this land and was in possession when Schroder sold the remaining land to Anderson, a predecessor in title of the plaintiffs. While this does not, as the defendant contends it does, come within **G. S. 1930, Sec. 5020,** as a conveyance out of possession it not appearing the prescriptive period had run, **Merwin vs. Morris, et al, 71 Conn., 555, 574,** it nevertheless seems to be decisive of the plaintiffs' lack of right to equitable relief, when considered with their knowledge of this possession, **N. Y., N. H. & H. R. R. Co. vs. Russell, 83 Conn., 581-593-595-596,** and it seems to fix the legal title as well in the defendant. It is obvious that Schroder started selling and measuring from Forest Road and that through lack of accuracy by the time he sold to the defendant he was half a lot short. He sold the defendant eighty feet and Anderson what was left.

Whether or not the plaintiffs have a good cause against him it is found they have none against the defendant.

Judgment is directed for the defendant.